# EXHIBIT 2

 CT Corporation

**Service of Process Transmittal**
03/01/2022
CT Log Number 541139291

**TO:**      Dawne Petersen
PayPal, Inc.
7700 Eastport Pkwy
La Vista, NE 68128-4397

**RE:**   **Process Served in New York**

**FOR:**    PayPal, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ANTHONY SHNAYDERMAN vs. PAYPAL, INC. |
| **DOCUMENT(S) SERVED:** | Notice, Summons, Complaint, Notice |
| **COURT/AGENCY:** | New York County Supreme Court, NY<br>Case # 6508462022 |
| **NATURE OF ACTION:** | VERIFIED COMPLAINT |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, New York, NY |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 03/01/2022 at 01:25 |
| **JURISDICTION SERVED :** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, Exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Migir Ilganayev<br>ILGANAYEV LAW FIRM, PLLC<br>139 Fulton Street - Suite 801<br>New York, NY 10038<br>646-396-8050 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/01/2022, Expected Purge Date: 03/06/2022<br><br>Image SOP<br><br>Email Notification,  PayPal SOP Litigation Team  CTCorpservice@paypal.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**                     Tue, Mar 1, 2022

**Server Name:**              NY-NYC DROPOFFPROCESSSERVER

| | |
|---|---|
| Entity Served | PAYPAL, INC. |
| Case Number | 650846/2022 |
| Jurisdiction | NY |



**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
------------------------------------------------------------------x
ANTHONY SHNAYDERMAN

                     Plaintiff/Petitioner,

      - against -

PAYPAL, INC.

Index No. 650846/2022

                Defendant/Respondent.
------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (<u>Attorneys</u>: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you <u>must</u> have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

      ● serving and filing your documents electronically

      ● free access to view and print your e-filed documents

      ● limiting your number of trips to the courthouse

      ● paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: <u>www.nycourts.gov/efile-unrepresented</u> or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at <u>www.nycourts.gov</u>

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 02/28/2022

MIGIR ILGANAYEV, ESQ.
Name
ILGANAYEV LAW FIRM, PLLC

Firm Name

139 FULTON STREET, SUITE 801
Address

NEW YORK, NY 10038

646-396-8050
Phone

ilganayevlaw@gmail.com
E-Mail

To:  PAYPAL, INC (via CT Corp. Syp

28 Liberty Street

New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------X

ANTHONY SHNAYDERMAN,                                    Index No.

                Plaintiff,

    -against-                                        **SUMMONS**

                                  Basis of venue:
                                    Plaintiff's Address:
PAYPAL, INC.,                                          Plaintiff resides in Manhattan, NY

              Defendant.
------------------------------------------------------------X

To the Parties Named as Defendants above:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer or, if the complaint is not served with this summons, to serve a notice of appearance on the plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York; and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: New York, New York
       February 22, 2022

                                        **ILGANAYEV LAW FIRM, PLLC**

                    By: _____
                         Migir Ilganayev, Esq.
                         *Attorney for Plaintiff*
                         139 Fulton Street - Suite 801
                         New York, NY 10038
                         Tel.:(646) 396-8050
                         ilganayevlaw@gmail.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------X

ANTHONY SHNAYDERMAN,                                    Index No.:

                          Plaintiff,

        -against-
                                                **VERIFIED COMPLAINT**

PAYPAL, INC.,

                          Defendant.

-------------------------------------------------------------------X

Plaintiff, ANTHONY SHNAYDERMAN (or "Plaintiff"), appearing by his attorney, Migir Ilganayev, Esq., as and for his Verified Complaint against PAYPAL INC., (or "Defendant"), alleges, upon information and belief, as follows:

## PARTIES

1.    At all times hereinafter mentioned, Plaintiff, **ANTHONY SHNAYDERMAN**, was, and still is a natural person residing in NYC, and engaging in the business of concierge and hospitality, which took a hit during the COVID-19 pandemic.

2.    At all times hereinafter mentioned, Defendant, **PAYPAL, INC.,** is a foreign business with a principal place of business at 117 barrow Street, New York, N.Y. 10014.

## FACTUAL ALLEGATIONS

6.    Plaintiff opened an account with PayPal (Defendant) in or around 2017 using the email anthonydoc@me.com. Plaintiff and defendant entered into an agreement such that Plaintiff opened a PayPal account in order to use PayPal to send money and receive money for personal use.

7.      In or around 2018, PayPal froze Defendant's account with a balance of approximately $20,000, for doing business transactions. Plaintiff responded to PayPal's email and informed them that he does in fact have a concierge business. Therefore, he provided PayPal with his W9 and they reopened his account and released his funds. This time, they decided to keep Plaintiff's money.

8.      On July 15, 2021, Plaintiff received an email from Defendant stating that Plaintiff's PayPal account has been permanently limited, which resulted in him losing access to his accumulated funds of approximately $130,000.00 at the time. Defendant claimed it would withhold Plaintiff's funds for 180 days without any explanation other than stating that Plaintiff's funds may be used to satisfy any obligations he may have under the User Agreement and Acceptable Policy.

9.      After several attempts to get in contact with defendant, Plaintiff's attorney, Migir Ilganayev, sent a letter to Defendant on August 02, 2021, to oppose and seek answers regarding the reason(s) for Plaintiff's account limitations.

10.     On September 02, 2021, Defendant sent a response citing "a number of factors, that when viewed together, indicated that there was a high level of risk associated with Mr. Shnayderman's Account."

Defendant claimed the following risk factors were identified:

        • "Links to multiple accounts with limited access and unresolved negative balance

        • Mr. Shnayderman accepted payment for items prohibited under our Acceptable Use Policy. Specifically, Mr. Shnayderman's selling activity violates PayPal's AUP Gambling policy. Mr. Shnayderman accepted payments with notes including "Miami Lodging", "Superbowl lets go tampa!". Additionally, Mr. Shnayderman accepted

2

payments from linked accounts that had been previously limited for similar activity. The business was unprofitable in the months of November and December 2020 with no profit distributions to be made."

11.     Defendant then claimed Plaintiff's funds would be returned, pending investigation, after 180 days from the date of initial limitation. On September 24, 2021, they wrote to Plaintiff's attorney again saying <u>"Due to the potential risk of charge backs and other forms of reversals, your Mr. Shnayderman's remaining balance will be held for 180 days from the date the limitation was originally placed on his account. We will make any remaining funds, less reversals or debits, available to him for withdrawal on or before January 10, 2022."</u>

12.     However, after 180 days, Defendant still hasn't returned Plaintiff's money, stating that Plaintiff allegedly violated their PayPal User Agreement (PUA) which resulted in damages to them.

13.     On February 01, 2022, PayPal (Defendant) claimed they debited $82,922.91 from Plaintiff's account balance as recovery for liquidated damages caused by Plaintiff's "Acceptable Use Policy" (AUP) violations.

<b><u>CLASS ACTION ALLEGATIONS BY AMENDMENT POSSIBLE</u></b>

14.     Mr. Shnayderman hereby provides notice that counsel may amend this complaint to convert this action into a class action to establish Defendant's liability to a defined class of similarly situated consumers under applicable law.

<b><u>AS AND FOR THE FIRST CAUSE OF ACTION</u></b>

15.     Plaintiff restate and reiterate each and every allegation set forth in paragraphs 1-14 above as if stated fully herein.

3

16.     Plaintiff and defendant entered into an agreement such that Plaintiff opened a
PayPal account in order to use PayPal to send money and receive money for personal use.

17.     Pursuant to the agreement, Plaintiff utilized Defendant's services as a third-party
platform to send and receive money; subsequently, he also used the account for the
collection of payments from services he provided, as explained above.

18.     Plaintiff accepted the exhaustingly long and deceptive terms of the contract,
including, as alleged by Defendant's, the Acceptable Use Policy ("AUP"); although,
Plaintiff was not required to actually review the terms or the AUP, he was induced into
accepting in order to open the account.

19.     Thereafter, Defendant *breached* the contract on July 15, 2021, and multiple times
thereafter when Defendant barred and restricted Plaintiff from accessing his funds and
continuing to conduct his business. No proper explanation was given to Plaintiff other
than that he may have to financially satisfy any obligations he may have under PayPal's
(Defendant's) policy. The restriction was placed on approximately $130,000 – which
consisted of approximately $83,000 in cash and the rest in cryptocurrency, which
fluctuates.

20.     Defendant breached the contract yet again on September 02, 2021, when
Defendant sent forth a reason for cutting off the business relationship, citing Plaintiff's
alleged participation in gambling activities, and links to multiple accounts with limited
access and unresolved negative balances. Defendant offered no evidence to support these
allegations. Plaintiff's attorney served a spoilation notice on Defendant's attorney to
preserve any evidence of their allegations behind stealing Plaintiff's hard-earned money.

4

21.     Defendant breached the contract once again on February 01, 2022, when Plaintiff received notice that $82,922.91 was baselessly withdrawn from their account as "damages caused by a violation of their Acceptable Use Policy" (AUP). Plaintiff was planning to use said seized monies for real estate investments, which he was unable to do due to the illegal seizure, resulting in him losing out on numerous investment projects.

22.     That by reason of said breaches of contract, Plaintiff has been damaged in an amount to be determined by this Court; Plaintiff continues to sustain damages based on the foregoing.

## AS AND FOR THE SECOND CAUSE OF ACTION
## BREACH OF CONTRACT

23.     Plaintiff restate and reiterate each and every allegation set forth in paragraphs 1-22 above as if stated fully herein.

24.     Plaintiff and defendant entered into an agreement such that Plaintiff's, by its attorney wrote a letter to the Defendant an demanded the return of its monies or judicial intervention would be set to accomplish the same.

25.     In response to this letter, PayPal Executive Escalations wrote an email to Plaintiff's attorney stating the following:

> *Dear Migir Ilganayev,*
>
> *Thank you for your response. My name is Jason and I appreciate this opportunity to address your concerns.*
>
> *Due to the potential risk of chargebacks and other forms of reversals, your Mr. Shnayderman's remaining balance will be held for 180 days from the date the limitation was originally placed on his account. We will make any remaining funds, less reversals or debits, available to him for withdrawal on or before January 10, 2022.*
>
> *Please feel free to contact PayPal's Office of Executive Escalations at executiveoffice@paypal.com if you have any further questions or concerns or if we can be of further assistance.*
>
> *Very sincerely yours,*
>
> *Jason B*

26.     As a result of the foregoing, PayPal is in breach of their promise to make a refund to Plaintiff after 180 days.

27.     As a result, Defendant intentionally interfered with the possession and right to possession of Plaintiff's rights to his money held in his PayPal account. Plaintiff was planning to use said seized monies for real estate investments, which he was unable to do due to the illegal seizure, resulting in him losing out on numerous investment projects.

## AS AND FOR THE THIRD CAUSE OF ACTION
## BREACH OF CONTRACT AND IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

28.     Plaintiff restate and reiterate each and every allegation set forth in paragraphs 1-27 above as if stated fully herein.

29.     Plaintiffs request that this Court find Defendant to be in a material breach of contract and implied covenant of good faith and fair dealing for acting in bad faith with its deceptive contract, for violating its own promises and agreements and for running a scheme by which Defendant, through its deceptive and inconspicuous user agreements steals millions of dollars from people similarly situated to Plaintiff.

## AS AND FOR THE FOURTH CAUSE OF ACTION
## TRESSPASS TO PERSONAL PROPERTY

30.     Plaintiff restates and reiterates each and every allegation set forth in paragraphs 1-29 above as if stated fully herein.

31.     Plaintiff provided the Defendant with access to their bank accounts linked to his email address set forth above.

6

32.     On or about July 15, 2021, and multiple times thereafter, Defendant intentionally and unfoundedly prohibited Plaintiff's right to access his hard-earned funds that were in his PayPal account.

33.     As a result, Defendant intentionally interfered with the possession and right to possession of Plaintiff's rights to his money held in his PayPal account. Plaintiff was planning to use said seized monies for real estate investments, which he was unable to do due to the illegal seizure, resulting in him losing out on numerous investment projects.

34.     That by reason of said conduct caused by Defendant, Plaintiff has been damaged in an amount to be determined by this Court.

## AS AND FOR THE FIFTH CAUSE OF ACTION
## UNJUST ENRICHMENT

35.     Plaintiff restates and reiterates each and every allegation set forth in paragraphs 1-34 above as if stated fully herein.

36.     On or about July 15, 2021, Plaintiff received a notice from Defendant that his account linked to Defendant's service was permanently locked, Plaintiff was barred from executing any transactions in regards to services offered, and a hold was placed on approximately $130,000 in total, representing Plaintiff's accumulated funds of over 4 years at the time.

37.     On February 01, 2022, after multiple unsuccessful attempts at a resolution, Plaintiff received another absurd notice from Defendant that $82,922.91 (the cash in his PayPal account) was ludicrously withdrawn from his account as "damages caused by Acceptable Use Policy (AUP) violations."

7

38.     Defendant, to this day is holding $82,922.91 of Plaintiff's monies without proper notice, which is repugnant and in violation of Defendant's own Acceptable Use Policy.

39.     Defendant breached its contracts with Plaintiff based on a violation of Defendant's Accpetable Use Policy which is abhorrent and violates the act.

## AS AND FOR THE SIXTH CAUSE OF ACTION
## VIOLATION OF GENERAL BUSINESS LAW § 349
## DECEPTIVE BUSINESS PRACTICES

40.     Plaintiff repeats and re-alleges paragraphs 1 through 39 and incorporates them by reference herein.

41.     GBL § 349(a) prohibits deceptive acts or practices in the conduct of any business, trade, or commerce, or in the furnishing of any service, in New York.

42.     The Defendant's false, misleading, and preposterous statements to Plaintiff regarding its alleged "Acceptable Use Policy" (AUP) violations have had the capacity, tendency or effect of deceiving or misleading Plaintiff and constitute deceptive trade practices.

43.     The Defendant's failure to adequately inform Plaintiff regarding his alleged "Acceptable Use Policy" (AUP) violations constitutes a failure to state material facts, the omission of which has deceived or tended to deceive Plaintiff, as set forth above, and constitutes deceptive trade practices.

44.     Defendant has therefore engaged in a deceptive trade practice in violation of GBL § 349 and is subject to compensatory and punitive damages to be determined by this Court.

8

## AS AND FOR THE SEVENTH CAUSE OF ACTION
## NEGLIGENCE

45.     Plaintiffs restate and reallege Paragraphs 1 through 44 as if fully set forth herein.

46.      Upon Plaintiff  accepting and utilizing Defendant's service,  PayPal  undertook and owed a duty to Plaintiff, and many others in the same unfortunate position as a result of Defendant's unlawful actions, to allow him to safely and legally transact payments in exchange for services he provided. Defendant violated this initially agreed upon duty, proving dishonorable business actions.

47.      PayPal breached its duty to notify Plaintiff of his alleged and untrue violations by waiting over a month after account limitation to notify Plaintiff of the reason for limitation. This came after many unsuccessful attempts by Plaintiff to contact PayPal for information regarding his account restriction.

48.      Further, through Defendant's failure to provide timely     and clear notification of the reason  for  Plaintiff's  account  restriction, PayPal prevented Plaintiff  from  taking meaningful, proactive steps to resolve and dispute this limitation.

49.      Not only did Defendant infuriatingly violate its duty to provide all account information in a reasonable and timely manner, and close Plaintiff's account without proper reason, they also stole $82,922,91 from Plaintiff's account, claiming this amount was owed to them as Plaintiff's "damages caused by 'Acceptable Use Policy' violations." Defendant has no rights whatsoever to access, handle, and withdraw their users' funds, without proper basis, permission, and cause.

9

## AS AND FOR THE EIGHTH CAUSE OF ACTION
## DECLARATORY JUDGMENT

50.    Plaintiffs restate and reallege Paragraphs 1 through 49 as if fully set forth herein.

51.    With respect to declaratory judgments, CPLR § 3001, provides in pertinent part

that:

> "The Supreme Court may render a declaratory
>
> judgment having the effect of a final judgment as to the
>
> rights and other legal relations of the parties to a justiciable
>
> controversy whether or not further relief is or could be
>
> claimed. If the court declines to render such a judgment it
>
> shall state is grounds."

52.    Plaintiff seeks to have the Court issue an order declaring that he was fraudulently

deceived by false and deceptive acts and omissions by PayPal, leading to the seizure of

his hard-earned $82,922.21.

53.    Plaintiff also seeks to have the Court issue an order declaring that Defendant is in

material breach of contract and is due and owing to Plaintiff his monies, minimum of

$200,000.00 with damages.

54.    Plaintiff also seeks to have the Court issue an order declaring that the $82,922.21

in PayPal's possession belong to the Plaintiff and shall be returned to him immediately.

55.    Plaintiff also seeks to have the Court issue an order declaring that the $82,922.21

in PayPal's possession belong to the Plaintiff and shall be returned to him immediately.

56.    Plaintiff also seeks to have the Court issue an order declaring that the $82,922.21

in PayPal's possession belong to the Plaintiff and shall be returned to him immediately.

10

57.     Plaintiff also seeks to have the Court issue an order declaring that PayPal stole $82,922.21 from Plaintiff without any proper notice or course of action.

58.     This case poses a genuine jusiticiable controversy that respectfully calls on this Court to render a declaratory judgment having the effect of a final judgment, rendering that PayPal illegally seized his monies and this money belongs to Plaintiff.

## AS AND FOR THE NINTH CAUSE OF ACTION
## PUNITIVE DAMAGES

59.     Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1-58 as though more fully set forth herein.

60.     Based on Defendant's intentional fraud and deceit against Plaintiff, Defendant has to be penalized for its illegal acts.

61.     Defendant acted in a severely wanton, reckless and malicious manner based on all of its actions stated in this Verified Complaint.

62.     In the interest of justice and public policy, Plaintiff shall be awarded punitive damages for Defendant's prior and current egregious actions. An award of punitive damages against the Defendant and in favor of Plaintiff will serve society by preventing Defendant, as well as other similarly situated parties, from engaging in similar acts in the future. Courts award punitive damages to punish the defendant for reprehensible conduct and to deter others from engaging in similar conduct in the future. (*Chauca v. Abraham*, 67 N.Y.S.3d 85, 89 (2017); *Ross v. Louise Wise Services, Inc.*, 836 N.Y.S.2d 509, 515-16 (2007); see also *Marinaccio v. Clarence*, 964 N.Y.S.2d 69, 72 (2013) (punitive damages are awarded to punish and deter behavior involving moral turpitude)).

11

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully demands judgment against the Defendant as

follows:

a) Compensatory damages in the amount of no less than **$200,000.00**, in favor of Plaintiff;

b) Punitive damages in the amount of no less than **$1,000,000.00**, in favor of Plaintiff;

c) Declaratory judgment declaring that Defendant is in material breach of contract and is due and owing to Plaintiff his monies, minimum of **$200,000.00** with damages;

d) Declaring that Defendant's actions resulted in a material breach of contract and implied covenant of good faith and fair dealing;

e) Declaring that the **$82,922.21** in PayPal's possession belong to the Plaintiff and shall be returned to him immediately, pending determination of further damages done by Defendant;

f) Declaring that PayPal stole **$82,922.21** from Plaintiff without any proper notice or course of action;

g) Ordering that Defendant has therefore engaged in a deceptive trade practice in violation of GBL § 349 and is subject to compensatory and punitive damages to be determined by this Court.

h) And such other and further relief as is appropriate under the law.

Dated: New York, New York
February 22, 2022

**ILGANAYEV LAW FIRM, PLLC**

By: _____

Migir Ilganayev, Esq.
*Attorney for Plaintiff*
139 Fulton Street - Suite 801
New York, NY 10038
Tel.:(646) 396-8050
ilganayevlaw@gmail.com

12

# VERIFICATION

STATE OF NEW YORK        )
                         )  s.s.:
COUNTY OF NEW YORK  )

MIGIR ILGANAYEV, an attorney duly admitted to practice before the Courts of the

State of New York, affirms the following to be true under the penalties of perjury:

I am the attorney for the Plaintiff. I have read the annexed SUMMONS and

VERIFIED COMPLAINT and know the contents thereof, and the same are true to my

knowledge, except those matters therein which are stated to be alleged upon information

and belief, and as to those matters, I believe them to be true. My belief, as to those

matters therein not stated upon knowledge, is based upon facts, records, and other

pertinent information contained in my files.

The reason I make the foregoing verification instead of the Plaintiff pursuant to

CPLR §3020(d)(3), because Plaintiff is not currently located in the county where I am

located and maintain my office.

DATED: New York, New York
        February 22, 2022

MIGIR ILGANAYEV, ESQ.

13



# NYSCEF Confirmation Notice
## New York County Supreme Court



The NYSCEF website has received an electronic filing on 02/22/2022 06:03 PM. Please keep this notice as a confirmation of this filing.

### 650846/2022
### ANTHONY SHNAYDERMAN v. PAYPAL, INC.
### Assigned Judge: None Recorded

### Documents Received on   02/22/2022 06:03 PM

| Doc # | Document Type |
|-------|---------------|
| 1 | SUMMONS + COMPLAINT |

### Filing User

Migir Ilganayev | ilganayevlaw@gmail.com | (646) 396-8050
139 Fulton Street Suite 801, New York, NY 10038

### E-mail Notifications

An email regarding this filing has been sent to the following on 02/22/2022 06:03 PM:

**MIGIR ILGANAYEV - ilganayevlaw@gmail.com**

### Email Notifications NOT Sent

| Role | Party | Attorney |
|------|-------|----------|
| Respondent | PAYPAL, INC. | No consent on record. |

* Court rules require hard copy service upon non-participating parties and attorneys who have opted-out or declined consent.

---

**Hon. Milton A. Tingling, New York County Clerk and Clerk of the Supreme Court**
Phone: 646-386-5956      Website: http://www.nycourts.gov/courts/1jd/supctmanh/county_clerk_operations.shtml

**NYSCEF Resource Center, nyscef@nycourts.gov**
Phone: (646) 386-3033 | Fax: (212) 401-9146 | Website: www.nycourts.gov/efile

Page 1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X
ANTHONY SHNAYDERMAN,                          Index No: 650846/2022
                               Plaintiff,

              -against-


PAYPAL, INC.,
                               Defendant.
-------------------------------------------------------------------X


# <u>**AFFIRMATION OF PERSONAL SERVICE**</u>


I, MIGIR ILGANAYEV, being duly sworn, depose and say that:

1. I am not a party to the above-captioned case; I am over 18 years of age; I reside in New York, NY.

2. On the 1ST day of March, 2022, at approximately 1:19 PM, I personally served the Summons and Verified Complaint, for the above captioned case, upon **PAYPAL, INC.**, defendant in this action, by delivering a true copy thereof and leaving at CT Corporation, a Wolters Kluwer Company, the Authorized Registered Agent of **PAYPAL, INC.**, personally at 28 Liberty Street, New York, NY 10005.

3. I also received a receipt from CT Corporation Intake Specialist, the individual that accepted the above papers, and whose name is <u>Paula Castro</u>. (Copy of receipt annexed hereto).

Case 1:22-cv-02279-ALC   Document 1-2   Filed 03/21/22   Page 22 of 23

4. The Deponent describes the individual served, as follows:

| Sex | Height | Weight | Age | Hair Color |
|---|---|---|---|---|
| [ ] Male | [ ] Under 5' | [ ] Under 100 Lbs | [ ] 14-20 Yrs | [X] Black |
| [X] Female | [ ] 5'0"- 5'3" | [ ] 100-130 Lbs | [ ] 21-35 Yrs | [ ] Brown |
| | [X] 5'4"- 5'8" | [X] 131-160 Lbs | [X] 36-50 Yrs | [ ] Blonde |
| | [ ] 5'9"- 6'0" | [ ] 161-200 Lbs | [ ] 51-65 Yrs | [ ] Gray(ing) |
| | [ ] Over 6' | [ ] Over 200 Lbs | [ ] Over 65 Yrs | [ ] Red |
| | | | | [ ] White |
| | | | | [ ] Balding |
| | | | | [ ] Bald |

Color of skin –
Other identifying features, if any:

_____
Migir Ilganayev, Esq.

 Wolters Kluwer

**SOP Intake** Portal

**Date:** Tue, Mar 1, 2022

**Time:** 1:19 PM

**Name:** NY-NYC DROPOFFPROCESSSERVER

**Juris Served:** NY

**Job ID:** 144641

Receipt of the following documents at the date, time and location indicated above.

| Entity Served | Agent Name | Case No. |
|---|---|---|
| PAYPAL, INC. | | 650846/2022 |

Intake Specialist: Paula Castro

CT Corporation, a Wolters Kluwer Company